DECISION AND JUDGMENT
{¶ 1} This appeal comes to us from a judgment issued by the Ottawa County Court of Common Pleas which found appellant, Paul N. Thebeau III, guilty of failing to comply with an order or signal of a police officer, a violation of R.C. 2921.331(B) and a felony of the third degree. *Page 2 
 {¶ 2} Counsel appointed to pursue appellant's appeal has filed a brief and motion requesting withdrawal as appellate counsel, pursuant to the guidelines established in Anders v. California (1967), 386 U.S. 738. Counsel states that, after careful review of the record and legal research, he cannot discern any "arguable, non-frivolous issue for appeal." Anders, supra, at 744. Counsel further states that he has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has filed no brief on his own behalf.
 {¶ 3} We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights.
 {¶ 4} Upon consideration, we conclude that counsel's brief is consistent with the requirements set forth in Anders, supra andPenson v. Ohio (1988), 488 U.S. 75.
 {¶ 5} The facts giving rise to this appeal are as follows. On July 4, 2007, a police officer began pursuing a speeding vehicle. After the vehicle ran two stop signs, the officer turned on his lights to signal the vehicle to stop. The vehicle stopped and the officer exited his cruiser. As the officer approached the driver's side of the vehicle, the driver of the vehicle accelerated and sped off. The officer notified other officers to be on the lookout for the vehicle. Pursuit of the vehicle ended when the vehicle soon crashed. *Page 3 
Appellant was found unconscious behind the wheel of the vehicle and his two passengers were injured.
 {¶ 6} On December 13, 2007, appellant entered a guilty plea to the charge of failing to comply with an order or signal of a police officer. He was sentenced to five years in prison. Counsel for appellant sets forth two potential assignments of error:
 {¶ 7} "I. The trial court failed to give proper consideration to the sentencing factors set forth in ORC 2929.11, 2929.12, 2929.13 et seq. for the sentencing of Defendant-appellant.
 {¶ 8} "II. The defendant-appellant was denied due process of law when he was sentenced by a biased court as evidenced by the acts and /or statements of the trial court during the course of the proceeding."
 {¶ 9} In his first potential assignment of error, appellant contends that the court erred in failing to give proper consideration to the sentencing factors set forth in R.C. 2929.11, 2929.12 and 2929.13.
 {¶ 10} Initially we note that the trial court is vested with full discretion to impose any sentence within the statutory range without any corollary requirement to issue specific reasons or findings prior to imposition of such a sentence. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. Appellant's sentence is within the range for a third degree felony. The sentencing transcript clearly establishes that the trial court properly considered and specifically referenced R.C. 2929.11, 2929.12, and 2929.13 in the course *Page 4 
of sentencing appellant. We find counsel's first potential assignment of error not well-taken.
 {¶ 11} In his second potential assignment of error, counsel contends that the sentencing court was biased against appellant. As evidence of this possible bias, counsel cites to a specific portion of the sentencing transcript wherein the judge addresses appellant.
 {¶ 12} "I don't have to say this very often, frankly because I don't have to, but you know, Mr. Thebeau, you're just a thug. And I told your sister the same thing at the time of her sentencing. You're a thug. You're a danger to yourself. You're a danger to everyone else that's out there. And if you don't kill yourself first, you're going to kill somebody out there some day. So, my clear duty is to get you off the street for the maximum period of time. And, accordingly, you're sentenced to a term of five years with the bureau of rehabilitation and corrections."
 {¶ 13} Judicial bias is defined as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts." State v. LaMar,95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 34.
 {¶ 14} A trial judge is "`presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity.'" Weiner v. Kwiat, 2d Dist. No. 19289, 2003-Ohio-3409, ¶ 90, quoting Eller v. *Page 5 Wendy's Internatl., Inc. (2000), 142 Ohio App.3d 321, 340. "The existence of prejudice or bias against a party is a matter that is particularly within the knowledge and reflection of each individual judge and is difficult to question unless the judge specifically verbalizes personal bias or prejudice toward a party." Id.
 {¶ 15} Our review of the sentencing transcript shows that counsel cannot overcome the presumption that the sentencing judge was unbiased. The judge's comments are clearly a reaction to the 20-year-old appellant's lengthy criminal record which includes convictions for assault and burglary. Moreover, in committing the instant offense, appellant not only injured himself and his passengers, he also put a great many other people at risk for serious injuries. We see no prejudice or bias in the trial judge's remarks. Counsel's second potential assignment of error is found not well-taken.
 {¶ 16} In addition, we have conducted our own independent and thorough review of the record to determine whether the trial court proceedings were free from prejudicial error and conducted without infringement of appellant's constitutional rights. We find no such error.
 {¶ 17} We conclude, therefore, that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellate counsel's motion to withdraw is hereby granted.
 {¶ 18} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for *Page 6 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1